ROBERTS *against* TURNER.

A person who receives and forwards goods, taking upon himself all the expenses of transportation, for which he receives a compensation from the owner of the goods, but who has no concern in the vessels by which they are forwarded, or interest in the freight, is not a *common carrier.*

THIS was an action on the case, against the defendant, as a common carrier, and was tried at the *Albany* circuit, in *April,* 1814, before Mr. Justice *Spencer.*

The defendant resided at *Utica,* and pursued the business of *forwarding* merchandise and produce from *Utica* to *Schenectady,* and *Albany.* The ordinary course of this business is, for the *forwarder* to receive the merchandise or produce at his store, and send it by the boatmen, who transport goods on the *Mohawk* River, or by wagons to *Schenectady* or *Albany,* for which he is paid at a certain rate per barrel, &c.; and his compensation consists in the difference between the sum which he is obliged to pay for transportation, and that which he receives from the owner of the goods.

The defendant received from the plaintiff, who resided in *Cazenovia,* in *Madison* county, by *Aldrich,* his agent, twelve barrels of pot ashes, to be forwarded to *Albany* to *Trotter*; the ashes were put on board a boat, to be carried down the *Mohawk* to *Schenectady,* and whilst proceeding down the river, the boat ran against a bridge and sunk, and the ashes were thereby lost.

The defendant's price for forwarding goods to *Schenectady,* was twelve shillings per barrel, and the price which he had agreed to pay for transporting the goods in question to that place was eleven shillings; the defendant had no interest in the freight of the goods, and was not concerned as an owner in the boats employed in the carriage of merchandise.

The judge being of opinion that the testimony did not make out the defendant to be a common carrier, non-suited the plaintiff; and a motion was made to set aside the non-suit.

*N. Williams* for the plaintiff.

*Henry,* contra.

SPENCER, J. On the fullest reflection, I perceive no grounds for changing the opinion expressed at the circuit. The defendant is in no sense a common carrier, either from

the nature of his business, or any community of interest with the carrier. *Aldrich*, who, as the agent of the plaintiff, delivered the ashes in question to the defendant, states the defendant to be a *forwarder* of merchandise and produce from *Utica* to *Schenectady* and *Albany*; and that he delivered the ashes, with instructions from the plaintiff to send them to Col. *Trotter*.

The case of a carrier stands upon peculiar grounds. He is held responsible as an insurer of the goods, to prevent combinations, chicanery, and fraud. To extend this rigorous law to persons standing in the defendant's situation, it seems to me, would be unjust and unreasonable. The plaintiff knew, or might have known, (for his agent knew,) that the defendant had no interest in the freight of the goods, owned no part of the boats employed in the carriage of goods, and that his only business in relation to the carriage of goods consisted in forwarding them. That a person, thus circumstanced, should be deemed an insurer of goods forwarded by him, an insurer too without reward, would, in my judgment, be not only without a precedent, but against all legal principles. Lord *Kenyon*, in treating of the liability of a carrier, (5 *T. R.* 394.) makes this the criterion to determine his character; whether, at the time when the accident happened, the goods were in the custody of the defendants as common carriers. In *Garside* v. *The Proprietors of the Trent and Mersey Navigation*, (4 *T. R.* 581.) the defendants, who were common carriers, undertook to carry goods from *Stoneport* to *Manchester*, and from thence to be forwarded to *Stockport*. The goods arrived at *Manchester*, and were put into the defendant's warehouse, and burnt up before an opportunity arrived to forward them. Lord *Kenyon* held the defendants' character of carriers ceased when the goods were put into the warehouse. This case is an authority for saying, that the responsibilities of a common carrier and forwarder of goods rest on very different principles.

In the present case the defendant performed his whole undertaking; he gave the ashes in charge to an experienced and faithful boatman.

It has been urged that the defendant derived a benefit from the carriage of the goods, in receiving cash from the owners of produce, and paying the boatmen in goods, and also in charging more than he actually paid. The latter suggestion is doubted in point of fact; but admitting the facts to be so, these

are advantages derived from the defendant's situation, as a warehouse keeper and forwarder of goods, and by no means implicate him as a carrier; for surely the defendant is entitled to some remuneration for the trouble in storing and forwarding goods.    In any and every point of view, there is not the least pretext for charging the defendant with this loss as a common carrier.

> *Per  Curiam.*

> Motion denied.